IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
AUG 10 2007
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| WILLIAM D. SUTHERLAND )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOSi INTERNATIONAL, LTD., )<br>    et al., )<br>)<br>Defendants. ) | 1:07cv557 (JCC/TCB) |

## MEMORANDUM OPINION

This matter is before the Court on Defendant's motion to dismiss.  For the following reasons, the Court will grant the motion in part, and deny it in part.

### I. Background

This action arises from alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Uniformed Services Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq.*  Plaintiff William D. Sutherland ("Sutherland") alleges that he was employed by Defendants SOSi International, Ltd. ("SOSi") and Julian Setian ("Setian") from September 2006 until on or about March 30, 2007, as Manager of Marketing and Communications in Reston, Virginia.  Plaintiff's first cause of action arises under the FLSA, claiming, *inter alia*, that Defendants failed to compensate him at a rate of time and a half for his normal rate of pay for hours worked over forty in a

number of given work weeks. Plaintiff also alleges that Defendants required him to work overtime hours without compensation, or "suffered and permitted" him to work uncompensated overtime hours. Plaintiff claims a second cause of action under USERRA, alleging that his employment was terminated in February 2007 as a result of his status as a member of the United States Army Reserves, and requesting damages in the form of lost earnings, lost earning capacity, loss of benefits, and emotional pain and distress.

On July 10, 2007, Defendants filed a motion to dismiss the FLSA claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to strike Plaintiff's claim for emotional damages related to the USERRA claim. This motion is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, see *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); see also *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

### III. Analysis

#### A. Exempt Status

The first issue before the Court is whether Plaintiff is required to allege in the Complaint that he was a non-exempt employee under the FLSA and thus entitled to payment of overtime compensation. Plaintiff argues that, because an exemption from the FLSA is an affirmative defense, Plaintiff is not required to address the application of an exemption in the complaint. For the following reasons, this Court agrees.

Under the FLSA, "the general rule [is] that the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-197 (U.S. 1974), *see also Molina v. First Line Solutions LLC*, 2007 U.S. Dist. LEXIS 47658 (D. Ill. 2007). A complaint "is certainly not required to negative the exemptions of the statute

in order to state a cause of action." *Stratton v. Farmers Produce Co.*, 134 F.2d 825, 827 (8th Cir. 1943). The Fourth Circuit has made it clear that "all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Chao v. Rivendell Woods, Inc.*, 415 F. 3d 342 (4th Cir. 2005), quoting *Conley v. Gibson*, 355 U.S. 41 (U.S. 1957). Thus, Plaintiff is not required to address the applicability of the Act's exemptions in his Complaint.

Defendant argues that Plaintiff's job title of "Manager of Marketing and Communications" tends to establish that Plaintiff was a manager and thus an exempt employee under the FLSA. However, the law is clear that job titles are not determinative in identifying exempt employees. Rather, "[i]n determining whether an employee falls within such an exempt category, neither the name given to his position nor that given to the work that he does is controlling." *Smith v. United Parcel Serv.*, 890 F. Supp. 523, 526 (D. W. Va. 1995), citing *Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695, 1947). The applicability of an exemption should not be resolved at the pleading stage, but should be determined from evidence at trial. *Stratton v. Farmers Produce Co.*, 134 F.2d 825, 827 (8th Cir. 1943). *See also McLaughlin v. Boston Harbor Cruise Lines, Inc.*,

419 F.3d 47, 53 (1st Cir. 2005) (finding that dismissal on questions of exempt status under 12(b)(6) is only appropriate "where it is crystal clear under established law" that the exemption applies under the FLSA), *Moran v. GTL Constr., LLC*, 2007 U.S. Dist. LEXIS 55098, 4-8 (D.N.Y. 2007) (holding that the determination as to whether a plaintiff is an exempt employee cannot be decided "as a matter of law and based solely on information from Plaintiff's complaint."). Simply, "a plaintiff, in order to state a cause of action under the Act, is not required to allege that its exemptions are inapplicable," and the Court cannot make determinations of exemption based merely on pleadings. Schmidtke v. Conesa, 141 F.2d 634, 635 (1st Cir. 1944).

In sum, there is no need for Plaintiff to address potential affirmative defenses or applicability of exemptions in his Complaint. Defendant's motion to dismiss Count I is therefore denied.

B. <u>Emotional Pain and Distress Damages</u>

Defendant next moves to dismiss Plaintiff's claim for emotional pain and distress damages under Count II of the Complaint on the grounds that USERRA does not provide for emotional pain and distress. The remedies which Uniformed Services Reemployment Act provides "are essentially equitable in

nature ... The statute does not allow for the recovery of damages for mental anguish, pain or suffering." *Vander Wal v. Sykes Enters.*, 377 F. Supp. 2d 738, 746 (D.N.D. 2005), citing *Barreto v. ITT World Directories, Inc.*, 62 F. Supp. 2d 387, 395-396 (D.P.R. 1999), *see also* 38 U.S.C. §4823(d). Defendant's unopposed motion is granted. Plaintiff's claim for emotional pain and distress damages under Count II of the Complaint are dismissed for failure to state a claim on which relief can be granted under the statute.

### IV. Conclusion

For these reasons, the Court will grant Defendants' motion as to Count II, but will deny the motion as to Count I. An appropriate Order will issue.

August 10, 2007
Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge