```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division

WILLIAM D. SUTHERLAND       )
                            )
                            )
     Plaintiff,             )
                            )
          v.                )    1:07cv557 (JCC/TCB)
                            )
SOS INTERNATIONAL, LTD.,    )
     et al.,                )
                            )
     Defendants.            )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's Motion for Summary Judgment. For the following reasons, the Court will deny the motion.

## I.  Background

This action arises from alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Uniformed Services Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq.* Plaintiff William D. Sutherland ("Mr. Sutherland") was hired by Defendant Julian Setian ("Mr. Setian") to work for Defendant SOS International, Ltd. ("SOSi"), in September 2006 as Manager of Marketing and Communications in Reston, Virginia. Mr. Setian was aware when he hired Mr. Sutherland of Mr. Sutherland's membership in the U.S. Army Reserve and of his ongoing reservist obligations. At the

recommendation of Mr. Setian, Mr. Sutherland's employment was terminated on March 31, 2007. The Separation Notice indicated that Mr. Sutherland was discharged due to poor work quality.

Plaintiff's first cause of action arises under FLSA. Plaintiff alleges that he was a non-exempt employee, required by Defendants to work overtime hours without being compensated at a rate of time and a half for his normal rate of pay for hours worked over forty. Plaintiff claims a second cause of action under USERRA, alleging that his employment was terminated in March 2007 as a result of his status as a member of the United States Army Reserves. On July 10, 2007, Defendants filed a Motion to Dismiss the FLSA claim and to strike Plaintiff's claim for emotional damages related to the USERRA claim. The Court granted Defendants' Motion as to the claim for damages, but denied it as to all other claims.

On February 22, 2008, Defendants filed a Motion for Summary Judgment. Plaintiff responded on March 7, 2008, and Defendants filed a Reply on March 12, 2008. This Motion is currently before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted). The party seeking summary judgment has the initial burden to show the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson* 477 U.S. at 248.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party opposing summary judgment may not rest upon mere allegations or denials. A "mere scintilla" of evidence is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 248-52. Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986). Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine

whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

#### A) Exempt Employee Under FLSA

The first question before the Court is whether Plaintiff was an exempt employee. If Plaintiff qualified as an exempt employee under the FLSA, he was not entitled to payment of overtime compensation and Defendants are entitled to summary judgment on Count One of the complaint. FLSA requires payment of a minimum wage and extra overtime compensation for employees who are not in certain categories, known as exempt employees. 29 U.S.C. § 213 *et seq*. Defendants argue that Plaintiff met the requirements to be considered an exempt employee under both the administrative and professional exemptions. The Court first notes that "[i]n determining whether the activities, or any substantial part of the activities, of an individual come within [an exemption], the District Court shall not be concluded by the name which may have been given to his position or to the work that he does." *Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695, 707 (U.S. 1947); *see also Smith v. United Parcel Serv.,* 890 F. Supp. 523, 526 (S.D. W.Va. 1995). Therefore, the Court must consider the actual work done by Plaintiff to determine whether it meets the requirements for an exemption rather than relying on

4

his job title of "manager."

    1) <u>Administrative Exemption</u>

To meet the requirements for an administrative employee exemption, the employee must be 1) "[c]ompensated on a salary or fee basis at a rate of not less than $ 455 per week" and 2) have as a "primary duty" "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," which 3) "includes the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.200.

Defendants, as employers, "bear[] the burden of proving that a particular employee's job falls within such an exemption." *Darveau v. Detecon, Inc.*, 2008 U.S. App. LEXIS 2074, 4-5 (4th Cir. 2008) (citing *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 7 (1st Cir. 1997)); *see also Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 205 (U.S. 1966).  FLSA "exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (U.S. 1960)

Plaintiff was paid on a salary basis that more than met the rate requirement, and he was engaged in non-manual work. Defendants argue that Plaintiff's position in marketing and communication is administrative by its very nature, as it

5

requires work in advertising and marketing, two functional areas explicity identified as "[w]ork directly related to management or general business operations" under the FLSA.  29 C.F.R. § 541.201.  Defendants' point to Plaintiff's own description of his duties, including the responsibility "to plan marketing, media, and public relations strategies, and to improve the company's image," and "specific management duties . . to plan, develop, and implement strategies for communicating SOS International's message to customer their base [sic]."  Pl.'s Opp'n to Def.'s Mot. for Summ. J. At 3, ¶¶ 14, 15.  Defendants argue that, although Plaintiff may have performed other, more menial tasks as well, Defendants hired him "to perform exempt work and terminated him when he failed to satisfactorily perform that work."  Def.'s Reply in Supp. of their Mot. for Summ. J. at 8.  Thus, although Plaintiff may not have spent most of his time performing managerial duties, that was a failure to live up to the requirements of the job.

Plaintiff focuses on the third requirement for an administrative exemption: that he exercise discretion and independent judgment.  He points to the supervision he was subject to regarding his job-related tasks.  The existence of significant supervision is contrary to the requirement that an administrative employee exercise independent judgment, a requirement that "implies that the employee has authority to make

an independent choice, free from immediate direction or supervision." 29 C.F.R. § 541.202(c). Although the discretion requisite "does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review," supervision over all or many of the details of an employee's work will keep them from being considered an administrative employee for the purposes of the exemption. *Id*.

Plaintiff and Defendants do not agree on the extent of supervision Plaintiff received. If Plaintiff was subject to the level of scrutiny he maintains, a reasonable finder of fact might conclude that he was not an administrative employee under the FLSA. Due to this genuine dispute, summary judgment is not appropriate on the question of whether Plaintiff could be considered qualified for an administrative employee exemption.

2) <u>Professional Exemption</u>

Defendants also argue that Plaintiff met the prerequisites for a professional exemption. This exemption has two requirements. The first is a compensation requirement in the same amount as the administrative exemption, which, as described above, was satisfied in Plaintiff's case. The position must also be one "[w]hose primary duty is the performance of work ... [r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of

7

specialized intellectual instruction." 29 C.F.R. § 541.300.  A list of examples of non-exempt employees is given in 29 C.F.R. § 541.3, along with the explanation that these "employees do not qualify as exempt professionals because their primary duty is not the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized instruction."  *Id.*  The Code goes on to distinguish qualified professional employees from those who may have obtained higher degrees that contribute to their employment, but who work in occupations for which "specialized academic degree is not a standard prerequisite for employment."  *Id.*

Plaintiff argues that the occupation of communications manager, held by Plaintiff, "is not such a learned profession and requires no certification," although he does not deny that he received education beyond the high school level.  Pl.'s Opp'n at 6.  Defendants argue that Plaintiff's duties did require "advanced knowledge acquired by Sutherland's course of intellectual instruction in the fields of marketing and communications."  Def.'s Mem. in Sppt. of their Mot. for Summ. J. at 26.  However, Defendants do not identify any particular certification or education required by someone holding Plaintiff's position.  Instead, they point to a more general requirement for education beyond high school and to Plaintiff's

own previous job experience.  Defendants have not demonstrated that there are no disputed material facts regarding Plaintiff's status as an exempt employee.

Defendants have not definitively demonstrated that Plaintiff has met the prerequisites for either an administrative or professional exemption.  Therefore, summary judgment is not appropriate on the FLSA claims.

**B) Discriminatory Discharge Under USERRA**

Under USERRA, "employers have the burden of proving that the discharge was reasonable," making it "difficult for employers to achieve summary judgment on claims" under the statute.  *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006)(citing *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1425 (11th Cir. 1990)).  The high bar for employers does not mean that summary judgment is impossible, for "[a]s in all summary judgments, . . the non-moving party must still provide evidence sufficient to create an issue for trial. Mere unsupported speculation is not sufficient to defeat a summary judgment motion."  *Id.* (citing *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).  As in *Francis* case before the Fourth Circuit, in the case before this Court "[t]he operative question is whether, based on the undisputed evidence in the record, it was objectively reasonable for [the defendants] to dismiss [the plaintiff]."  *Id.*

9

Defendants argue that this Court should apply the Fourth Circuit's inference from *Proud v. Stone*, 945 F.2d 796 (1991): "in cases where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer." *Id.* at 797. The alleged discrimination in *Proud* was age discrimination, and the rationale has not been applied to a reservist situations. The Fourth Circuit has, however, expanded the inference to other forms of discrimination. *See Adams v. Greenbrier Olds/GMC/Volkswagen*, 1999 U.S. App. LEXIS 1140, *16 (4th Cir. 1999) (listing applications of the same actor inference to ADA disability discrimination, the Pregnancy Discrimination Act, Title VII gender discrimination, Title VII national origin discrimination, and Age Discrimination in Employment Act). The Fourth Circuit has delineated a four-part test, applying the inference when "(1) the person who hired the plaintiff knew of the plaintiff's protected condition when the hiring decision was made, (2) the person who hired the plaintiff also fires him (3) within a relatively short time span following the hiring, and (4) the employer advances a legitimate and nondiscriminatory reason for the discharge." *Id.* (internal quotations omitted).

In this case, Mr. Setian hired Plaintiff, knowing that

he was an army reservist.  Less than eight months later, Mr. Setian was responsible for terminating Plaintiff's employment.  Defendants assert that Plaintiff was discharged for poor work performance, a legitimate and nondiscriminatory reason.  Plaintiff agrees that Mr. Setian was aware that he was a reservist, and does not deny that his work was sometimes criticized, but claims that "'no one had formally told [him he] wasn't doing his job correctly,'" that "he only recalls being criticized for some grammatical mistakes, and . . that he was not formally counseled" regarding his allegedly insufficient job performance.  Pl.'s Opp'n at 8.  Defendants allege that because Plaintiff "received written criticism regarding the quality of his work prior to allegedly notifying Defendants of his need to take two weeks leave for reserve duty," they have met their burden of demonstrating that he was fired for a nondiscriminatory reason.  Def.'s Reply at 3.  Therefore, Defendants argue, the discharge of Plaintiff meets the four requirements from *Proud* such that the Court should find that Plaintiff's status as a reservist played no role in Defendants' decision to terminate Plaintiff and grant summary judgment.

   Plaintiff argues that the *Proud* rationale is inapplicable to this case.  Plaintiff distinguishes between reservist status and the type of disabilities to which the Fourth Circuit has applied the rationale, all of which are immediately

11

apparent to an employer at the time of hiring.  The amount of time away from work required by a reservist is not as immediately obvious.  In this case, according to Plaintiff, when Defendants hired him they believed that his U.S. Army Reserve obligations would be limited to weekends and not require service during the workweek.  When Defendants were told of Plaintiff's upcoming obligation, requiring two weeks of leave from work and the likelihood of more extensive leave in the future, they realized that his reserve requirements were greater than originally understood.  Plaintiff argues that Defendants were not actually aware of the extent of job flexibility required by his protected condition when they hired him and that it was the perceived increase in reservist obligations that triggered his discriminatory termination.  Therefore, he argues, the *Proud* inference does not apply.

Defendants assert that Plaintiff's reservist status had nothing to do with the decision to terminate his employment.  They deny that the meeting during which Plaintiff informed them of his need for leave ever occurred "or that Sutherland ever notified them of a specific need for a leave or two or more weeks."  Def.'s Mem. at 16 n1.  The existence of this meeting or conversation is a disputed issue of material fact.  Although it is not the only factor to be considered, "[d]iscriminatory motivation under the USERRA may be reasonably inferred from a

variety of factors, including proximity in time between the employee's military activity and the adverse employment action." *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001). Such "temporal proximity between a complaint and an adverse employment action can, in some cases, be used to survive summary judgment." *Francis,* 452 F.3d at 309. If, shortly before Defendants made the decision to terminate Plaintiff, a meeting or conversation occurred in which Defendants came to a new realization about the extent of his reservist obligations, a reasonable finder of fact could conclude that the conversation led to Plaintiff's termination, even when viewed alongside Defendants' evidence that Plaintiff's job performance was unsatisfactory. Therefore, summary judgment will be denied on the second count of the complaint, alleging discriminatory termination under USERRA.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment will be denied.

An appropriate Order will issue.

March 17, 2008                                              /s/
Alexandria, Virginia                       James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE